GEORGE F. SIMPSON and CHARLES B. SMITH, appellants,

*v.*

EDWIN LISTER, respondent.

39  595
Case 2
62  386

39  595
Case 2
65  593
65  595

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Lister* v. *Simpson, 11 Stew. Eq. 438.*

*Messrs. Coult & Howell,* for appellants.

The dispute in this case is between a judgment creditor and a chattel mortgagee for priority of position. The facts of the case

are, shortly, these: George F. Simpson was the owner of the stock of drugs in a drug store in Newark, and was carrying on the drug business at that place. On December 1st, 1881, he mortgaged the same to Edwin Lister, to secure the sum of $2,000.

On October 17th, 1883, Lister took possession of all the contents of the store, and advertised the same for sale on October 23d, 1883.

On October 20th, 1883, the appellant Smith recovered a judgment against Simpson in the Essex circuit court, on which execution was issued, by virtue of which execution a levy was taken by the sheriff of Essex on the contents of the drug store.

The chattel mortgagee proceeded to sell the chattels levied on by the sheriff on October 23d, 1883, and the sheriff brought suit in trover against the mortgagee for the goods. Then the mortgagee filed his bill in chancery to restrain the action at law, and to procure a new foreclosure of the mortgage.

The answer admits all the material facts set out in the bill, and the cause was brought to a hearing on the bill and answer only.

The claim of the judgment creditor is that the chattel mortgage is void, as a fraud upon creditors, and, as against his levy, has no standing as a lien on the chattels levied on, and this claim is based on the fact that the mortgage provides *that the mortgagor may sell the chattels mortgaged in the regular course of business,* and thus divest himself and the mortgage, also, of all title to and interest in the chattels.

We claim that this provision makes the mortgage *ipso facto* void, the argument being that the mortgagor retains not only the possession of the property mortgaged, but also the absolute control of it *for his own benefit,* and that while such an arrangement is no security to the pretended mortgagee, it is, if sustained, a shield to ward off the other creditors, and so hinders and delays them.

Professor James O. Pierce has collected all the cases on the subject in his book, Fraudulent Mortgages of Merchandise, published by F. H. Thomas & Co., St. Louis, 1884, and has shown that the weight of authority is in favor of our insistment.

Simpson and Smith *v.* Lister.

The foundation of the rule, as we claim it, is *Twyne's Case;* and the rule has been laid down in the following English cases: *Ryall* v. *Rowles, 1 Ves., Sr., 348,* and *1 Wils. 260; Worseley* v. *De Mattos, 1 Burr. 467; Edwards* v. *Harben, 2 Term R. 287; Paget* v. *Perchard, 1 Esp. 205; Wordall* v. *Smith, 1 Camp. 332; Reed* v. *Blades, 5 Taunt. 212.*

There do not appear to be any recent English cases in which the exact point is involved or considered. There are recent cases which hold that retention of possession alone by the mortgagor is not conclusive evidence of fraud, but we find no case in which the absolute power of disposition for his own benefit by the mortgagor is an element. *Martindale* v. *Booth, 3 B. & Ad. 498.*

The leading case on the subject in the United States is *Robinson* v. *Elliot, 22 Wall. 513,* in which Davis, J., declares a mortgage of such character to be fraudulent in law, and void as to other creditors. He says: "Both the possession and right of disposition remain with the mortgagors. They are to deal with the property as their own; sell it at retail, and use the money thus obtained to replenish their stock. There is no covenant to account with the mortgagees, nor any recognition that the property is sold for their benefit. Instead of the mortgage being directed solely to the *bona fide* security of the debts then existing, and their payment at maturity, it is based on the idea that they might be indefinitely prolonged. * * * It hardly need be said that a mortgages, which, by its very term, authorizes the parties to accomplish such object, is, *to say the least of it,* constructively fraudulent."

The doctrine has been followed in Virginia—*Lang* v. *Lee, 3 Rand. 410; Perry* v. *Shenandoah Nat. Bank, 27 Gratt. 755.* In New York—*Wood* v. *Lowry, 17 Wend. 492; Edgell* v. *Hart, 9 N. Y. 213; Mittnacht* v. *Kelley, 3 Keyes 407; Russell* v. *Winne, 37 N. Y. 591; Southard* v. *Benner, 72 N. Y. 424.* In New Hampshire—*Coburn* v. *Pickering, 3 N. H. 415; Putnam* v. *Osgood, 51 N. H. 192.* In Ohio—*Collins* v. *Myers, 16 Ohio 547; Freeman* v. *Rawson, 5 Ohio St. 1.* In Minnesota —*Chophard* v. *Bayard, 4 Minn. 533.*

In *Stein* v. *Munch, 24 Minn. 390,* the facts seem to be identical with the facts in the case under consideration. There the property was a retail stock of drugs, and the mortgage reserved a power of sale; and it was held that the transaction was not validated by the mortgagee taking possession of the goods by virtue of the mortgage. In Wisconsin—*Place* v. *Langworthy,, 13 Wis. 629; Steinart* v. *Denster, 23 Wis. 136; Blakeslee* v. *Rossman, 43 Wis. 116.* In Illinois—*Davis* v. *Ransom, 18 Ill. 396; Greenebaum* v. *Wheeler, 90 Ill. 296; Dunning* v. *Mead,. 90 Ill. 376.* In Missouri—*White* v. *Graves, 68 Mo. 218.* In Tennessee—*Tenn. Nat. Bank* v. *Ebbert, 9 Heisk. 153.* In Mississippi—*Joseph* v. *Levi, 58 Miss. 843.* In Colorado—*3 Col. 139.* In Oregon—*Bremer* v. *Fleckenstein, 9 Oreg. 266.* In West Virginia—*Garden* v. *Bodwing, 9 W. Va. 121.*

The federal district and circuit courts have also frequently declared the doctrine. *In re Kirkbridge, 5 Dill. (Mo.) 116.* Dillon, J., stated the rule as follows: " A conveyance of personal property to secure creditors, when the grantor, by the understanding of the parties, expressed or implied, is to remain in possession of the property, *with a power of sale,* is void upon a principle of public policy embodied in the statute, irrespective of any question of actual or intended fraud." *In re Forbes, 5 Biss. (Ill.) 510; In re Bloom, 17 N. B. R. (N. J.) 425; Wells* v. *Langbein, 20 Fed. Rep. (Iowa) 183; In re Cantrell, 6 Ben. (N. Y.) 482; Smith* v. *Ely, 10 N. B. R. (N. Y.) 553; Crooks* v. *Stewart, 2 McCrary (Iowa) 13; In re Kahley, 2 Biss. 387; Catlin* v. *Currier, 1 Sawy. 12.*

Woods, J., in *Johnson* v. *Patterson, 2 Woods (Ga.) 443,* says:. " The general rule is that a chattel mortgage, with possession left in the mortgagor *and power of sale,* is fraudulent and void."

The precise question involved in this case has never arisen in New Jersey. As stated by the vice-chancellor in his opinion, the question here has always been whether mere retention of the possession of mortgaged chattels by the mortgagor makes the mortgage void. Our courts have not had, until now, an opportunity to decide upon the effect of the *reserved power of sale.*

*Mr. David A. Ryerson,* for respondent.

I. George F. Simpson appeals from that part of the final decree in the cause which adjudges that he should pay to the complainant $1,451.20.

Simpson is not entitled to prosecute an appeal, for the reason that he did not answer or appear in the cause at any time; a decree *pro confesso* was entered against him, and the decree was made in his absence. *Townsend* v. *Smith, 1 Beas. 350.*

II. Charles B. Smith appeals from that part of said decree which adjudges the mortgage given by Simpson to Lister to be a lien upon the chattels therein described.

The chattels in question are those purchased by the mortgagor, subsequent to the making of the mortgage, to replace those sold in the regular course of his business. By its terms the mortgage covered such after-acquired chattels. No claim is made that there was any fraud in fact in the execution of the mortgage, or that the respondent knowingly allowed it to be used for a fraudulent purpose.

1st. A mortgage on chattels thereafter to be acquired is good in equity.

Although, at law, a mortgagor must have a present property, either actual or potential, in the things mortgaged to make a valid mortgage (*Looker* v. *Peckwell, 9 Vr. 253; S. C. on error, 10 Vr. 134*), in equity the rule is otherwise, and a mortgage valid, both as between the parties and as against the creditors of the mortgagor, may be made upon personal property to be acquired by the mortgagor after the execution of the mortgage.

In such cases, though the property is not within the grasp of the mortgage at the date of its execution, yet it comes within its grasp the moment the mortgagor acquires title to it.

The ground of the doctrine is, that the mortgage, though inoperative as a conveyance, is operative as an executory agreement which attaches to the property when acquired, and, in equity, transfers the beneficial interest to the mortgagee, the mortgagor being regarded as a trustee for him, in accordance with the familiar maxim that equity considers that done which ought to be done. *Jones on Chat. Mort.* § *170.*

This doctrine has been repeatedly held in the courts of our state. *Smithhurst* v. *Edmunds, 1 McCart. 408;* *Gevers* v. *Wright, 3 C. E. Gr. 330, 333;* *M. & E. R. R. Co.* v. *Sussex R. R. Co., 5 C. E. Gr. 542, 565;* *Williamson* v. *N. J. Southern R. R. Co., 11 C. E. Gr. 398, 2 Stew. Eq. 320.*

2d. A mortgage of a stock of merchandise, with power in the mortgagor to sell the goods in the usual course of trade, is not fraudulent in law.

The appellant claims that if it appears, by the terms of the mortgage, that the mortgagor was permitted to retain possession of the mortgaged chattels and sell them in the regular course of his trade, that a conclusive presumption is raised in law that the mortgage is fraudulent, and must be so declared by the court.

*a.* A conclusive inference or presumption that such a mortgage is fraudulent is in conflict with the course of judicial opinion of this state.

Prior to the statute providing for the recording of chattel mortgages, the continuing possession of the mortgagor was held to be only *prima facie* evidence of fraud, and might be explained; such possession was, at most, only evidence of the fact of fraud, but not a fact in judgment of law, of itself conclusively establishing the fraud.

The same rule of evidence seems to be now generally accepted elsewhere. The writer in *Jones on Chat. Mort.* § *320,* says: "The modern English doctrine, and that more generally adopted by the American courts, is, that possession by a vendor or mortgagor is only *prima facie* a badge of fraud; that the presumption arising from that circumstance may be rebutted by explanations, showing the transaction to have been fair and honest; and that the question of fraud is always one of fact for a jury to determine."

(*b*) A conclusive presumption that such a mortgage is fraudulent is not consistent with the general policy of the chattel mortgage statute.

In *Gay* v. *Bidwell, 7 Mich. 519, 525,* Judge Campbell, says: "To hold that a merchant cannot mortgage his goods without closing his doors would be to hold that no mortgage of a merchant's stock can be made at all."

Simpson and Smith *v.* Lister.

It has been held that a judgment creditor, having a levy upon a stock of merchandise, may, without jeopardizing his rights, permit the debtor not only to hold and use the chattels levied upon, but to sell them in the regular course of his business. *Caldwell* v. *Fifield, 4 Zab. 150.* If the possession of a stock of merchandise, by a judgment debtor, carried with it the right to sell in the regular course of trade, certainly the lawful possession of a mortgagor should be held to be equally advantageous.

(*c*) A conclusive presumption that such a mortgage is fraudulent has no reason for its existence derived from general observation and experience.

In *Brett* v. *Carter, 2 Low. 458,* Judge Lowell says: "Take this very case as an illustration. It is admitted there was no fraud in fact; that the trader's whole stock was supplied by the defendant; that the mortgage shows that all the stock, present and future, is hypothecated, not as a cover or blind, for there was none, but to the payment of a certain debt by certain installments. No offer is made to prove that any one was deceived, or even was ignorant of the mortgage; but I am asked to find fraud in law when I know, and it is admitted, there was none in fact."

(*d*) Without proof of external facts, a conclusive presumption, either of the intention of the parties, or of the bearing of the mortgage upon creditors, is impossible. *Gay* v. *Bidwell, 7 Mich. 519; Oliver* v. *Eaton, 7 Mich. 108; Cheatham* v. *Hawkins, 76 N. C. 325.*

(*e*) The doctrine that a mortgage of a merchant's stock, with power of disposal in the mortgagor in the usual course of trade, is conclusively fraudulent in law, is opposed to strong authority.

In England, "if fraud is alleged to exist in a sale or mortgage, it must be proved as a fact, and is never adjudged to exist, in law, on the face of the deed. Though the vendor or mortgagor remain in possession, and act as apparent owner of the mortgaged property, either with or without a power of disposal, the question of fraud is, in every case, to be determined as one of fact." *Jones on Chat. Mort.* § *413.*

Also, among others, by the courts of Iowa, Kansas, Maine, Massachusetts, Michigan and Rhode Island—*Hughes* v. *Corey,*

*20 Iowa 399; Frankhouser* v. *Ellet, 22 Kan. 127, 150; Fletcher* v. *Powers, 131 Mass. 333; Williams* v. *Winsor, 12 R. I. 9; Brett* v. *Carter, 2 Low. 458; Barron* v. *Morris, 14 Bank. Reg. 371; Mitchell* v. *Winslow, 2 Story 630; Miller* v. *Jones, 15 Bank. Reg. 150; Clark* v. *Hyman, 55 Iowa 14; Abbott* v. *Goodwin, 20 Me. 408; Googins* v. *Gilman, 47 Me. 9; Brown* v. *Thompson, 59 Me. 372; Briggs* v. *Parkman, 2 Metc. 258; Jones* v. *Huggeford, 3 Metc. 515; Oliver* v. *Galon, 7 Mich. 108; Gary* v. *Bulwell, 7 Mich. 519; Leland* v. *Collver, 34 Mich. 418; People* v. *Bristol, 35 Mich. 28; Wrigler* v. *Sibley, 35 Mich. 231; Morris* v. *Stern, 80 Ind. 227.*

In support of the doctrine it is said that a mortgage which allows the mortgagor to sell the goods is no security, because he may, at any time, sell the entire property, and therefore the mortgage is of no benefit, except to ward off creditors. But the power of disposal contended for is that the mortgagor may sell in the ordinary course of trade. The mortgagor could not, if he would, make a valid sale of the entire property at once. The mortgage being duly recorded, a purchaser would have legal notice of the extent of the power of sale. *Jones on Chat. Mort.* § 422.

It is also urged that a mortgage of the character in question is, irrespective of fraud, against public policy.

In *Mitchell* v. *Winslow, 2 Story 630, 647,* Judge Story says: "I am not aware of any policy of the law, or of any principle of law, which makes any conveyance of this sort invalid as to creditors, if they have full notice, or may have full notice of it by the exercise of reasonable diligence. Indeed the law makes the registration of the deed constructive notice of its contents to all persons, since it was required to be registered, and was registered in conformity to law. What ground is there, then, to assert that the conveyance was against the policy of the law? The phrase itself is somewhat indefinite, and, in its actual application here, is difficult to be grasped and comprehended. I profess that I am not able to perceive any; and, so far as authorities go, they point the other way."

In those states where this doctrine of constructive fraud has

been held most firmly it has now been so modified as, in great measure, to destroy its force.

In New York, Minnesota, Illinois, Missouri and Ohio, if the agreement to sell is not contained in the mortgage itself, the question whether there is any such agreement, and what are the indications of fraud arising from it, is one for the jury. *Jones on Chat. Mort.* § *424.*